IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99-10142-WEB |
| | ) | |
| DARRICK REED, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

This case comes before the court for a supervised release violation hearing. The defendant was sentenced to 151 months imprisonment subsequent to his plea to distribution of cocaine and possession with the intent to distribute cocaine. The sentence was later modified to 130 months. A four year term of supervised release was imposed. The defendant began his term or supervised release on August 5, 2009. On February 11, 2011, the defendant appeared before this court for a modification of his supervised release conditions. The defendant admitted to violating two standard conditions of his supervised release. The court ordered the defendant reside at a residential re-entry program for up to 120 days, and ordered the defendant comply with the policies and procedures of the residential re-entry program. (Doc. 114). The defendant is now before the court for violations of his supervised release.

   A.  <u>Alleged violations:</u>

   1. The defendant failed to comply with Mirror, Inc. policy on April 16, 2011 for being absent without permission.

   2. The defendant failed to comply with Mirror, Inc. policy on April 19, 2011 for being absent without permission; making, possessing, or using an intoxicants; and violation of a community program policy.

   3. The defendant failed to comply with Mirror, Inc. policy on April 28, 2011 when he reported to the facility late.

4. On April 20, 2011, the defendant provided a urine sample which tested positive for synthetic cannabinoids, a violation of Mirror, Inc. policy requiring abstinence from drug and alcohol use.

B. <u>Evidence</u>:

Defendant entered Mirror, Inc. on February 14, 2011. On that date he reviewed and signed a prohibited substances / contraband policy statement. The statement provides:

> "The ingestion, inhalation, injection, use or and /or possession of any substance prohibited by the Federal Bureau of Prisons and Mirror, Inc. prohibited acts and sanctions is strictly forbidden. This prohibition includes any prescription medication, over the counter medication, any substance containing alcohol, any herb or herbal supplement / substance which will include any and all synthetic cannabis substance or spice cannabis substance know as but not limited to: K-2."

On April 19, 2011 defendant returned late to Mirror. Defendant blew a .008 , then approximately 15 minutes later, defendant blew a .000. Then defendant was asked to submit to a urine test. By the time the test sample was collected, it was approximately 12:21 AM on April 20, 2011. The urine test was sent to a laboratory, and tested positive for K-2, a synthetic substance that mimics the effects of marijuana. Defendant admitted to his probation officer that he used, and provided the package in which the K-2 was contained to his probation officer. The probation officer stated that the use or possession did not have to be knowingly to violate Mirror policy.

On April 16, 2011, defendant left his employment and did not check into Mirror until one and a half hours later. On April 28, 2011, defendant reported to Mirror 30 minutes late.

The defendant testified that he was dependant on others for rides, and when he was late, it was due to not having a ride, or problems with his ride. Defendant testified that he did ingest the synthetic substance, although it was after observing others at the halfway house ingest it. Defendant did not know that it was illegal or exactly what it was.

The defendant was discharged from Mirror, Inc.

C. Discussion

The district court may revoke a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). There is no question that defendant violated the conditions of his supervised release. Defendant admitted to use of K-2, synthetic marijuana. Although defendant argued that he did not know what it was and that he did not know it was illegal to use, the court finds that explanation without merit. The defendant signed the form presented by Mirror in which he was advised that use of synthetic drugs was against policy. The court does not find it plausible that the defendant ingested a substance into his system without asking what the substance was, the effect of the substance, or where it came from. However, since Mirror did not require that the ingestion be knowingly, this argument does not change the fact that the defendant used a banned substance while residing at Mirror.

Defendant also admitted that he returned late to Mirror on April 16, April 19, and April 28. Defendant explained that his tardiness was due to transportation issues. Although the court believes defendant's explanation, it does not controvert the fact that defendant still violated the policy of Mirror in failing to comply with the policy and procedures of Mirror.

Finally, the court notes that defendant's supervised release was modified to add a special condition that the defendant shall reside at a residential re-entry center program for up to 120 days, and comply with the policies and procedures of the program. The defendant was discharged from Mirror for non-compliance. The defendant failed to complete or follow the court's order regarding the special condition.

The court shall impose a sentence that is "sufficient but not greater than necessary" to meet the objectives of sentencing. 18 U.S.C. § 3553(a). The court has considered the factors set

forth in 18 U.S.C. § 3553, the guideline range, the policy statements, the nature and circumstances of the offense, the defendant's history and characteristics, as well as the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant. This is the Defendant's second time before the court on violations of supervised release. The Defendant has not taken advantage of the opportunities presented to him during supervised release; he used an illegal substance; he did not follow and complete a residential re-entry program; and he did not comply with the policies of Mirror. The defendant has violated the terms of his supervised release.

The highest grade of violation is a "C." The Defendant's supervised release is revoked, and a sentence of 7 months imprisonment on each violation, to run concurrently, is imposed. No supervised release is ordered.

The Probation Officer in charge of this case shall see that a copy of this order is made available to the Bureau of Prisons.

SO ORDERED this 8th day of June, 2011.

    s/ Wesley E. Brown
Wesley E. Brown
Senior U.S. District Judge